IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| MORGAN KUKOVEC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff,*<br><br>v.<br><br>L'ORÉAL USA PRODUCTS, INC. D/B/A L'ORÉAL PARIS,<br><br>*Defendant.* | Case No. 1:22-cv-01453 |

### DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant L'Oréal USA Products, Inc. ("L'Oréal USA Products"),[1] by and through its undersigned counsel, hereby removes the above-captioned civil action from the Circuit Court of DeKalb County, Illinois, to the United States District Court for the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Removal of this action is proper under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. In support of removal, L'Oréal USA Products states as follows:

### I. CLAIMS ASSERTED AND RELIEF SOUGHT

1. On February 15, 2022, Plaintiff Morgan Kukovec ("Plaintiff") commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendant L'Oréal USA

---

[1] The Complaint conflates L'Oréal USA Products, Inc. with L'Oréal Paris. (*See* Compl. ¶ 1 ("Plaintiff . . . brings this Class Action Complaint . . . against Defendant L'Oréal USA Products, Inc., d/b/a/ L'Oréal Paris[.]").) Contrary to the allegations in the Complaint, L'Oréal USA Products does not do business as L'Oréal Paris. (*See* Declaration of Robert G. Kinnally, filed herewith ("Kinally Decl.") ¶ 5.)

Products in the Circuit Court of DeKalb, Illinois, Twenty-Third Judicial Circuit. As required by 28 U.S.C. §1446(a), the Complaint, Summons and all other "process, pleadings, and orders" served to date on L'Oréal USA Products are attached hereto as Exhibit "A".

2. In her Complaint, Plaintiff alleges that L'Oréal USA Products violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), by scanning, collecting, storing, and using Plaintiff's biometrics (in the form of alleged scans of facial geometry) without first obtaining a written executed release or making disclosures required by BIPA. (Compl. ¶¶ 25-27, 37-38, 50.) Plaintiff further alleges, upon information and belief, that L'Oréal USA Products lacks retention schedules and guidelines for permanently destroying biometric data, and/or has no written policy, made available to the public, that discloses its retention schedule and/or guidelines for retaining and then permanently destroying biometric identifiers and information that complies with the requirements of BIPA. (*Id*. ¶¶ 28-29, 38-39, 62.) Plaintiff also alleges, upon information and belief, that L'Oréal USA Products subsequently stored Plaintiff's biometric data for an unspecified period of time. (*Id*. ¶ 35.)

3. Specifically, Plaintiff alleges that L'Oréal USA Products offers a "virtual try-on tool" on its website that allows users "to use their web or phone camera to display a real-time photograph of themselves or upload a photo previously saved to their device" in order to "try-on" products. (Compl. ¶¶ 18-21.) Plaintiff further alleges that the "Virtual Try-On tool . . . operates by capturing the facial geometry of users' photos" and that "[t]hese facial-geometry scans are used to identify the shape and features of the user's face in order to accurately overlay the virtual makeup product onto the image provided." (*Id*. ¶ 23.)

4. Plaintiff alleges she received a pop-up notification "regarding the use of the tool" when she accessed the virtual try-on tool. (*Id*. ¶ 36.) She alleges that this pop-up notification failed

to inform her that the tool was "capturing, collecting, storing, or using scans of her facial geometry; did not inform her in writing of the specific purpose and length of time for which her facial geometry was being collected, stored, or used; and did not obtain a written release from Plaintiff authorizing Defendant to collect, store, or use her facial geometry." (*Id*. ¶ 37.) Plaintiff further alleges that she "has never been informed of the specific purposes or length of time for which Defendant collected, stored, or used her facial geometry; any biometric data, retention policy developed by Defendant; or whether Defendant will ever permanently delete her biometrics" and that she "does not know whether Defendant has destroyed—or will destroy—the biometrics collected from her." (*Id*. ¶¶ 38-39.)

5. Plaintiff therefore alleges that L'Oréal USA Products did not provide any of the required written disclosures under BIPA or obtain the required written release from Plaintiff or class members prior to "collecting, storing, or using their facial geometry data obtained through the use of the Virtual Try-On tool." (*Id*. ¶ 50.) Plaintiff further alleges that L'Oréal USA Products denied Plaintiff and the class members "their right under BIPA to be made aware of Defendant's retention and destruction policies as to their biometric identifiers." (*Id*. ¶ 63.)

6. Plaintiff seeks to bring her BIPA claims on behalf of a putative class defined as:

> All persons whose biometric identifiers were captured by Defendant through use of the Virtual Try-On tool on Defendant's websites, including www.lorealparisusa.com, www.maybelline.com, www.nyxcosmetics.com, http//www.yslbeautyus.com, https://www.shuuemura-usa.com, https://www.lancome-usa.com, https://www.urbandecay.com, https://www.giorgioarmanibeauty-usa.com, and https://www.garnierusa.com, while residing in Illinois from five years preceding the date of the filing of this action to the present.

(*Id*. ¶ 40.)

7. On behalf of herself and each member of the putative class, Plaintiff seeks the following relief in addition to seeking class certification: (1) an award to Plaintiff and the class members of the greater of either liquidated damages of $1,000 per negligent violation and $5,000

3

for each willful or reckless violation, or actual damages, for each violation of BIPA; (2) attorneys' fees and costs incurred in litigating this action; and (3) injunctive relief in the form of an order requiring L'Oréal USA Products to (i) obtain a written release from any individual prior to the capture, collection, or storage of that individual's biometric identifiers or biometric information, (ii) disclose whether it has retained Plaintiff's and class members' biometrics, how it uses those biometrics, and the identities of any third parties with which it has shared those biometrics, (iii) publicly disclose a written policy establishing any specific purpose and length of term for which consumers' biometrics have been collected, captured, stored, obtained, or used, as well as guidelines for permanently destroying such biometrics, and (iv) disclose whether Defendant has retained Plaintiff's and class members' biometrics and if, when, and how Plaintiff's and class members' biometrics were destroyed. (*Id.* ¶¶ 52, 55-56, 57(f), 64, 67-68, 69(f).)

8.  L'Oréal USA Products denies any violation of BIPA. L'Oréal USA Products also denies that this matter is appropriate for certification as a class action. L'Oréal USA Products submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding the Complaint's allegations, or that Plaintiff has pled claims upon which relief can be granted.

## II.  THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

9.  Removal is proper under 28 U.S.C. § 1332(a) because all requirements for diversity jurisdiction have been met.

10. Under 28 U.S.C. § 1332(a)(1), federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

A. **Complete Diversity Exists In This Action**

11. This is an action between citizens of different states, and complete diversity exists. *See* 28 U.S.C. § 1332(a)(1). To be sure:

- Plaintiff alleges that she is a citizen of Illinois. (Compl. ¶ 1.)

- L'Oréal USA Products is a Delaware corporation with its principal place of business at 10 Hudson Yards, New York, NY 10001. (Kinnally Decl. ¶ 3.)

12. As a corporation, L'Oréal USA Products is deemed a citizen of the States where it has been incorporated (Delaware) and where it maintains its principal places of business (New York). 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); (*see also* Kinnally Decl. ¶ 3.)

13. Because L'Oréal USA Products is not a citizen of Illinois and thus there are not residents of the same state on both sides of the lawsuit, complete diversity exists in this action. *See Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

B. **The Matter In Controversy Exceeds the Sum or Value of $75,000**

14. The amount in controversy requirement of 28 U.S.C. § 1332(a) is also satisfied. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15. In determining whether the amount in controversy requirement is met, "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court." *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) (*citing Back Doctors Ltd. v. Metro. Prop. and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011)).

16. Plaintiff's claims satisfy the $75,000 minimum threshold because Plaintiff seeks statutory damages of up to $5,000 for each alleged BIPA violation—in addition to litigation expenses, attorneys' fees, and other unspecified relief—for herself and a class in excess of 40 people. (*See* Compl., ¶¶ 40, 42, 57, 69.)

17. Although the Complaint does not allege a specific number of times that Plaintiff herself used the at-issue virtual try-on tool, her allegations suggest that she used it multiple times. (*See* Compl. ¶ 31 ("Plaintiff used the Virtual Try-On tool to see what *various products* would look like if she were to use them") (emphasis added).) Illinois federal district courts have found it plausible—for removal purposes—"that a new violation [of BIPA] occurs each time [the defendant] acquires [the plaintiff's] biometric information, which presumably happens with each scan." *See Fox v. Dakkota Integrated Sys., LLC*, No. 19 C 2872, 2020 WL 8409683, at *3 (N.D. Ill. Jan. 24, 2020) (finding removal proper in BIPA case seeking $5,000 in statutory damages for each alleged violation of BIPA because "[s]uch a plausible interpretation would entitle [plaintiff] to statutory damages on a per-scan basis"); *see also Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769-70 (N.D. Ill. 2019) (same).

18. As it is not legally impossible for Plaintiff to recover $5,000 per scan, Defendant has plausibly shown the amount in controversy exceeds the $75,000 threshold under 28 U.S.C. § 1332(a)(1) based on Plaintiff's allegation that she used the tool to see what "various products" would look like if she were to use them. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

6

19. The Complaint also satisfies the $75,000 minimum threshold because Plaintiff's Complaint seeks broad injunctive relief, compliance with which would necessitate incurrence of significant costs, estimated to exceed $75,000. *See Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004); *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1017 (7th Cir. 2004) (holding that "the cost a defendant incurs in complying with injunctive relief is a legitimate consideration in a jurisdictional inquiry"). Indeed, Plaintiff seeks an extensive and comprehensive injunction requiring Defendant to (1) obtain a written release from any individual prior to the capture, collection, or storage of that individual's biometric identifiers or biometric information, (2) disclose whether Defendant has retained Plaintiff's and class members' biometrics, how Defendant uses Plaintiff's and class members' biometrics, and the identities of any third parties with which Defendant shared those biometrics, (3) publicly disclose a written policy establishing any specific purpose and length of term for which consumers' biometrics have been collected, captured, stored, obtained, or used, as well as guidelines for permanently destroying such biometrics, and (4) disclose whether Defendant has retained Plaintiff's and class members' biometrics and if, when, and how those biometrics were destroyed. (Compl. ¶¶ 55-56, 57(e), 67-68, 69(e).) In the event that Plaintiff obtains injunctive relief, L'Oréal USA Products would have to spend considerable time, effort, and resources to comply with that injunction, and a reasonable estimate of the costs attendant to compliance with that injunction exceeds $75,000. (*See* Kinnally Decl. ¶ 6.)

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

20. Plaintiff filed the above-captioned case on February 15, 2022, in the Circuit Court of DeKalb County, Illinois, under Case No. 2022-LA-000016.

21. L'Oréal USA Products received copies of the Summons and Complaint from its registered agent, CSC, on February 22, 2022, but the paperwork transmitted to L'Oréal USA Products reflects that CSC received service of the Summons and Complaint on February 18, 2022.

As L'Oréal USA Products caused this Notice of Removal to be filed within thirty (30) days after the date that it was served, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

22. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Western Division, is the federal judicial district and division embracing the Circuit Court of DeKalb, Illinois, where this suit was originally filed. 28 U.S.C. § 1441(a); 28 U.S.C. § 93(b).

23. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Circuit Clerk of DeKalb County, Illinois.

24. As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and by U.S. Mail, and promptly filed with the Circuit Clerk of DeKalb County, Twenty-Third Judicial Circuit.

25. For the foregoing reasons, this Court has jurisdiction over this matter.

**WHEREFORE**, Defendant L'Oréal USA Products hereby removes Case Number 2022-LA-000016 from the Circuit Court of DeKalb County, Illinois, Twenty-Third Judicial Circuit, to the United States District Court for the Northern District of Illinois, Western Division.

Dated: March 18, 2022

Respectfully submitted,

*/s/ Aaron D. Charfoos*
Aaron D. Charfoos (Bar No. 6277242)
Adam M. Reich (Bar No. 6329295)
Emma Lanzon (Bar No. 6329995)
PAUL HASTINGS LLP
71 S. Wacker Drive, Suite 4500
Chicago, IL 60606
Telephone: 312.499.6000
aaroncharfoos@paulhastings.com
adamreich@paulhastings.com
emmalanzon@paulhastings.com

*Counsel for Defendant,*
L'ORÉAL USA PRODUCTS, INC.

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2022, a copy of the foregoing was served on the following parties by electronic mail and arrangements were made for courtesy copies to be sent out by pre-paid, first-class U.S. Mail at the addresses listed below:

>Elizabeth C. Chavez, Esq. (6323726)
>ecc@fmco.com
>Bret K. Pufahl, Esq. (6325814)
>bkp@fmco.com
>Kathleen C. Chavez, Esq. (6255735)
>kcc@fmco.com
>Robert Foote, Esq. (3124325)
>rmf@fmco.com
>FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
>10 W. State Street, Suite 200
>Geneva, IL 60134


>Hassan A. Zavareei
>hzavareei@tzlegal.com
>Glenn E. Chappell
>gchappell@tzlegal.com
>Allison W. Parr
>aparr@tzlegal.com
>TYCKO & ZAVAREEI LLP
>1828 L Street NW, Suite 1000
>Washington, DC 20036

*Counsel for the Plaintiff and the Putative Class*

/s/ Heather Copeland

**Heather Copeland**