# Exhibit A

**FILED**
2/15/2022 12:53 PM
2022LA000016

*Lori Grubbs*

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

## IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL DISTRICT
## DEKALB COUNTY, ILLINOIS

MORGAN KUKOVEC, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED,

    *Plaintiff,*

v.

L'ORÉAL USA PRODUCTS, INC. D/B/A
L'ORÉAL PARIS,

    *Defendant.*

Case No.:   2022LA000016

Judge:

**JURY TRIAL DEMANDED**

### CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Morgan Kukovec (hereinafter, "Plaintiff"), who brings this Class

Action Complaint individually and on behalf of all other similarly situated individuals against

Defendant L'ORÉAL USA PRODUCTS, INC., d/b/a L'ORÉAL PARIS (hereinafter, "Defendant"),

pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* Plaintiff files

suit to remedy Defendant's unlawful collection, storage, and use of Plaintiff's and the proposed

class's biometrics without their informed written consent through the Virtual Try-On tool offered

on Defendant's websites.

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Morgan Kukovec resides in West Chicago, Illinois.

2.    Defendant **L'ORÉAL USA PRODUCTS, INC.,** is incorporated in the State of

Delaware with its principal place of business in New York, New York.

3.    Jurisdiction is proper in this Court because Plaintiff is a citizen of Illinois and

Defendant purposefully availed itself of the laws, protections, and advantages of Illinois by

conducting business in this State, and within every County in this State, with consumers like

Plaintiff.

1

**NOTICE**
BY ORDER OF COURT THIS CASE IS
HEREBY SET FOR CASE MANAGEMENT
CONFERENCE TO BE CONDUCTED AT
THE DEKALB COUNTY COURTHOUSE,
SYCAMORE, IL IN ACCORDANCE WITH
SUPREME COURT RULE 218 BEFORE
JUDGE _____ 05/03/2022 9:00 AM
ON _____ AT _____
FAILURE TO APPEAR MAY RESULT IN
THE CASE BEING DISMISSED OR AN
ORDER OF DEFAULT BEING ENTERED

4. Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because the transactions or some part thereof out of which this cause of action arose occurred in this county.

## THE BIPA LEGAL FRAMEWORK

5. The Illinois General Assembly enacted BIPA to protect the privacy rights of consumers in Illinois.

6. In enacting BIPA, the General Assembly found that the sensitivity of biometric information and identifiers warrants heightened protection of this information when companies collect it from consumers like Plaintiff. Specifically, the General Assembly found that "[b]iometrics are unlike other unique identifiers" like social security numbers because they are "biologically unique to the individual" and cannot be changed if compromised. 740 ILCS 14/5(c). Thus, an individual whose biometrics are compromised "has no recourse" and "is at heightened risk for identify theft." *Id.* Moreover, said the General Assembly, "[t]he full ramifications of biometric technology are not fully known." *Id.* § 14/5(e). Therefore, "[t]he public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* § 14/5(f).

7. BIPA defines "biometric identifiers" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *Id.* § 14/10.

8. "Biometric information" is identified as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers. *Id.*

9. Accordingly, BIPA requires "private entities" like corporations that collect certain biometric identifiers or biometric information to take a number of specific steps to safeguard

consumers' data; inform consumers of the entities' uses, retention of, and destruction of their biometrics; and obtain informed consent before collecting such data.

10.     With respect to safeguarding biometrics, BIPA requires that private entities in possession of biometric identifiers or biometric information must:

> [D]evelop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

*Id.* § 14/15(a).

11.     Further, BIPA requires that any private entity in possession of biometric identifiers or biometric information must safeguard such data "using the reasonable standard of care within the private entity's industry" and must "store, transmit, and protect from disclosure all biometric identifiers and biometric information in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information." *Id.* § 14/15(e).

12.     With respect to informed consent, BIPA provides:

> No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first
>
> (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

3

*Id.* § 14/15(6).

13.     Further, BIPA provides: "No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." *Id.* § 14/l1(c).

14.     Under BIPA, a private entity is prohibited from disclosing, redisclosing, or otherwise disseminating a consumer's biometric identifier or biometric information unless the consumer has consented to the disclosure or redisclosure. *Id.* § 14/15(d).

15.     BIPA provides for statutory damages, injunctive relief, reasonable attorney's fees and costs, and other relief "as the State or federal court may deem appropriate" when a private entity violates a consumer's rights under the statute. *Id.* § 14/20. Where a violation is the result of negligence, BIPA provides for the greater of actual damages or $1,000 in liquidated damages per violation, and if the violation was intentional or reckless, the greater of actual damages and liquidated damages of $5,000 per violation. *Id.*

**DEFENDANT COLLECTS BIOMETRICS THROUGH THE VIRTUAL TRY-ON TOOL**

16.     Defendant is a makeup company that markets a variety of products, alone and through its subsidiaries including, as relevant here, the "L'ORÉAL PARIS," Maybelline, NYX Cosmetics, Yves Saint Laurent, Shu Uemura, Lancome, Urban Decay, Giorgio Armani, and Garnier brands.

17.     Defendant sells its makeup products in brick-and-mortar retail shops and drugstores and through its many websites, including lorealparisusa.com, maybelline.com, nyxcosmetics.com, https://www.yslbeautyus.com, https://www.shuuemura-usa.com, https://www.lancome-usa.com, https://www.urbandecay.com, https://www.giorgioarmanibeauty-usa.com, and https://www.garnierusa.com.

4

18.     On its websites, Defendant offers a virtual try-on tool to consumers who visit the site.[1]

19.     When consumers view a product for which the virtual try-on tool is available, Defendant invites them to access the virtual try-on tool by presenting a "Try It On" button that appears under the photo of the product being viewed.



20.     When consumers click "Try It On" from a specific product's page, a pop-up appears in which they can use their web or phone camera to display a real-time photograph of themselves or upload a photo previously saved to their device.

---

[1] https://www.lorealparisusa.com/virtual-try-on-makeup (last visited Feb. 7, 2022)



21.     If the user clicks "Live Camera," the virtual try-on tool activates their webcam automatically, so that their real-time image appears immediately. Once the webcam is on, users have two ways to "try-on" the products. Users may allow the virtual try-on tool to overlay the product on the user's entire face or, in the alternative, choose a split-screen option in which the product is shown on only half of the user's face to see a before and after effect.

22.     From there, consumers can download or post to social media websites the photo showing the product applied to their face.

23.     The Virtual Try-On tool on Defendant's website is powered by an application called "ModiFace." This application operates by capturing the facial geometry of users' photos, regardless of whether the photo is taken by web or phone camera while using the Virtual Try-On tool, uploaded to the tool, or captured via a live web or phone camera feed. These facial-geometry scans are used to identify the shape and features of the user's face in order to accurately overlay the virtual makeup product onto the image provided. According to the developer of ModiFace, the

application uses "highly accurate 3D facial micro-feature tracking" and "is one of the most precise real-time facial micro-features video tracking and analysis technologies in the world."[2]

24.     The photo below, taken from the ModiFace developer's website, illustrates the facial-geometry patterns that power the application.



25.     Defendant does not inform consumers who use the Virtual Try-On tool in writing that it is capturing or collecting facial geometry or the specific purpose and length of term for which it is collecting, storing, or using such data, which is a biometric identifier specifically

---

[2] https://modiface.com/#product (last visited Feb. 7, 2022)

7

protected by BIPA, nor does Defendant obtain consumers' informed written consent before capturing or collecting such data.

26.     Defendant's only attempt at providing any kind of disclosure to Plaintiff and the Class comes in the form of a link to Defendant's standard "privacy policy.[3]" The policy does not inform the user how the user's *facial geometry* (a biometric identifier protected by BIPA) is collected, used, or retained in order to allow the Virtual Try-On tool to operate or otherwise. Indeed, the policy only references "[p]hotographs that you upload or share with us" without discussing the company's capturing, collection, or use of biometrics at all.

27.     Thus, Defendant's "consent" button fails to provide the proper and relevant disclosures as required by BIPA. Specifically, Defendant's pop-up notification does not:

    a.   inform the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

    b.   inform the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c.   provide a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

28.     Further, Defendant does not make publicly available a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers or biometric information obtained from consumers, as required by BIPA.

---

[3] https://www.lorealparisusa.com/privacy-policy (last visited Feb. 7, 2022)

29.     Upon information and belief, Defendant has not developed a written policy establishing retention schedules and guidelines for permanently destroying consumers' biometrics and does not destroy such data within the timeframes established by BIPA.

## PLAINTIFF-SPECIFIC ALLEGATIONS

30.     Plaintiff is a resident of West Chicago, Illinois.

31.     On or around December 20, 2021 Plaintiff visited the "L'Oreal Paris" website. While on the website, Plaintiff used the Virtual Try-On tool to see what various products would look like if she were to use them.

32.     Specifically, Plaintiff tested a lipstick—"Infallible Pro-Last Color, 107 Violet Parfait."

33.     After trying on the product, Plaintiff decided not to purchase it. As such, Plaintiff did not set up an account on the website.

34.     When Plaintiff used the Virtual Try-On tool, Defendant captured and collected her facial geometry. The Virtual Try-On tool could not have provided the advertised experience if Defendant did not capture and collect Plaintiff's facial geometry.

35.     Upon information and belief, Defendant also stored her facial geometry for an unspecified period of time after Plaintiff used the Virtual Try-On tool.

36.     When Plaintiff accessed the Virtual Try-On tool on Defendant's website, she received the pop-up notification described above regarding the use of the tool.

37.     As discussed above, Defendant's pop-up notification failed to meet the requirements of BIPA, as it did not inform Plaintiff in writing that it was capturing, collecting, storing, or using scans of her facial geometry; did not inform her in writing of the specific purpose and length of time for which her facial geometry was being collected, stored, or used; and did not

obtain a written release from Plaintiff authorizing Defendant to collect, store, or use her facial geometry.

38. Plaintiff has never been informed of the specific purposes or length of time for which Defendant collected, stored, or used her facial geometry; any biometric data retention policy developed by Defendant; or whether Defendant will ever permanently delete her biometrics. Defendant has not made any of this information available to the public.

39. Plaintiff does not know whether Defendant has destroyed—or will destroy—the biometrics collected from her.

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of himself and, pursuant to 735 ILCS 5/2-801, on behalf of a class of similarly situated individuals (hereinafter "the Class") defined as follows:

> All persons whose biometric identifiers were captured by Defendant through use of the Virtual Try-On tool on Defendant's websites, including www.lorealparisusa.com, www.maybelline.com, www.nyxcosmetics.com, https://www.yslbeautyus.com, https://www.shuuemura-usa.com, https://www.lancome-usa.com, https://www.urbandecay.com, https://www.giorgioarmanibeauty-usa.com, and https://www.garnierusa.com, while residing in Illinois from five years preceding the date of the filing of this action to the present.

41. Excluded from the class are Defendant's officers and directors, Plaintiff's counsel, and any member of the judiciary presiding over this action.

42. Numerosity: Upon information and belief, there are more than forty class members, and individual joinder in this case is impracticable.

43. Commonality and predominance: Multiple questions of law and fact are common to the class and predominate over any individualized questions. Common questions include, but are not limited to, whether Defendant has a practice of capturing, collecting, storing, or distributing consumer biometrics obtained through consumers' use of the Virtual Try-On tool on Defendant's

websites; whether Defendant has developed and made publicly available a written policy establishing a retention schedule and guidelines for destroying consumer biometrics; whether Defendant obtained an executed written release from consumers whose faces were scanned using the Virtual Try-On tool on Defendant's websites before capturing their biometrics; whether Defendant's practices violate BIPA; and whether Defendant's conduct was willful, reckless, or negligent.

44. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of all Class members. She has retained counsel with significant experience and achievements in complex class action litigation, she has no interests that are antagonistic to those of any Class members, and Defendant has no unique defenses unique to her.

45. Appropriateness: A class action is an appropriate method for the fair and efficient adjudication of the controversy because it will resolve multiple issues common to the Class in a single stroke. Moreover, a class action would reduce the time and expense of litigation and promote judicial economy by jointly resolving a large number of individual claims that would otherwise be litigated separately in duplicative proceedings.

**COUNT 1**
**VIOLATION OF 740 ILCS 14/15(b)**
**Failure to Inform in Writing and Obtain Written Release from Consumers Prior to**
**Capturing, Collecting, or Storing Biometric Identifiers**
**Damages and Injunctive Relief**
***Alleged on Behalf of Plaintiff Individually and on Behalf of the Class***

46. Plaintiff re-alleges and incorporates the allegations in the preceding paragraphs.

47. The Virtual Try-On tool operates by capturing the facial geometry of consumers like Plaintiff and Class members.

48. Facial geometry is a biometric identifier protected by BIPA.

11

49.     BIPA prohibits private entities like Defendant from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining consumers' biometric identifiers or biometric information without first informing them in writing of such activities; informing them in writing of the specific purpose and length of term for which biometric identifiers or biometric information are being collected, stored, and used; and obtaining a written release executed by consumers whose biometric identifiers or biometric information is being collected.

50.     Defendant did not provide any of these required written disclosures or obtain the required written release from Plaintiff or Class members prior to collecting, storing, or using their facial geometry data obtained through use of the Virtual Try-On tool.

51.     As a result, Defendant has invaded the privacy of Plaintiff and Class members and unlawfully collected, used, and benefitted from their biometric identifiers while failing to provide them with the lawfully required notice of such collection and use.

52.     Accordingly, Defendant has violated BIPA. These violations have harmed Plaintiff and Class members; accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA.

53.     Moreover, an injunction is warranted pursuant to 740 ILCS 14/20(4). Upon information and belief, Defendant currently possesses Plaintiff's and Class members' biometrics and may be using or distributing them to third parties without Plaintiff's or Class members' permission. Such a violation of privacy constitutes irreparable harm for which there is no adequate remedy at law.

54.     Absent injunctive relief, Defendant is likely to continue storing Plaintiff's and Class members' biometrics.

55. Accordingly, Plaintiff seeks an order requiring Defendant to obtain a written release from any individual prior to the capture, collection, or storage of that individual's biometric identifiers or biometric information.

56. Further, Plaintiff seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and Class members' biometrics, how Defendant uses Plaintiff's and Class members' biometrics, and the identities of any third parties with which Defendant shared those biometrics.

57. WHEREFORE, Plaintiff, individually and on behalf of the Putative Class, requests an order granting the following relief:

a. Finding that this action satisfies the requirements for maintenance as a class action as set forth in 735 ILCS 5/2-801, et seq. and certifying the class defined herein;

b. Appointing Plaintiff as representative of the Class and the undersigned counsel as class counsel;

c. Entering judgment in favor of Plaintiff and the Class against Defendant;

d. Awarding Plaintiff and the Class liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for: each violation of BIPA;

e. Issuing an injunction ordering Defendant to comply with BIPA going forward and disclose to Plaintiff and Class members whether Defendant possesses their biometrics, Defendant's uses of their biometrics; and Defendant's retention and destruction policies regarding their biometrics;

f. Awarding reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as provided for in 740 ILCS 14/20; and

g. Granting further relief as the Court deems appropriate.

**COUNT II**
**VIOLATION OF 740 ILCS 14/15(a)**
**Failure to Develop and Make Publicly Available a Written Policy for Retention and Destruction of Biometric Identifiers**
**Damages and Injunctive Relief**

13

*Alleged on Behalf of Plaintiff Individually and on Behalf of the Class*

58.     Plaintiff re-alleges and incorporates the allegations in the paragraphs above.

59.     The Virtual Try-On tool operates by capturing the facial geometry of consumers like Plaintiff and Class members.

60.     Facial geometry is a biometric identifier protected by BIPA.

61.     BIPA requires private entities, like Defendant, in possession of biometric identifiers or biometric information to develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

62.     Upon information and belief, Defendant did not develop or possess such a written policy at any time during its collection, storage, and use of Plaintiff's and Class members' facial geometry data obtained through use of the Virtual Try-On tool on Defendant's websites.

63.     As a result, Defendant denied Plaintiff and Class members their right under BIPA to be made aware of Defendant's retention and destruction policies as to their biometric identifiers. Additionally, Defendant's failure to develop the required retention and destruction policies placed Plaintiff and Class members' sensitive biometric identifiers at risk of compromise or illicit use.

64.     Accordingly, Defendant has violated BIPA. These violations have harmed Plaintiff and Class members; accordingly, Plaintiff and Class members are entitled to liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages if greater than the liquidated damages provided for by BIPA.

65.     Moreover, an injunction is warranted pursuant to 740 ILCS 14/20(4). Upon information and belief, Defendant currently possesses Plaintiff's and Class members' biometrics

14

and have not developed a BIPA-compliant policy for the retention and destruction of those biometrics. This failure to maintain a proper policy could place Plaintiff's and Class members' sensitive biometric identifiers at risk of compromise or illicit use on a continuing basis. It also deprives Plaintiff's and Class members' right under BIPA to be apprised of Defendant's policy for retaining and destroying biometrics.

66.     Absent injunctive relief, Defendant is likely to continue storing Plaintiff's and Class members' biometrics without implementing a retention and destruction policy for those biometrics that satisfies BIPA's requirements.

67.     Accordingly, Plaintiff seeks an order requiring Defendant to publicly disclose a written policy establishing any specific purpose and length of term for which consumers' biometrics have been collected, captured, stored, obtained, or used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

68.     Plaintiff further seeks an order requiring Defendant to disclose whether Defendant has retained Plaintiff's and Class members' biometrics and if, when, and how those biometrics were destroyed.

69.     WHEREFORE, Plaintiff, individually and on behalf of the Putative Class, requests an order granting the following relief:

    a.  Finding that this action satisfies the requirements for maintenance as a class action as set forth in 735 ILCS 5/2-801, et seq. and certifying the class defined herein;

    b.  Appointing Plaintiff as representative of the Class and the undersigned counsel as class counsel;

    c.  Entering judgment in favor of Plaintiff and the Class against Defendant;

d.  Awarding Plaintiff and the Class liquidated damages of $1,000 per negligent violation, $5,000 per willful or reckless violation, or actual damages, whichever is greater, for: each violation of BIPA;

e.  Issuing an injunction ordering Defendant to comply with BIPA going forward and disclose to Plaintiff and Class members whether Defendant possesses their biometrics, Defendant's uses of their biometrics; and Defendant's retention and destruction policies regarding their biometrics;

f.  Awarding reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as provided for in 740 ILCS 14/20; and

g.  Granting further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,

Dated: February 15, 2022

By: Elizabeth C. Chavez, Esq.
Elizabeth C. Chavez, Esq. (6323726)
Bret K. Pufahl, Esq. (6325814)
Kathleen C. Chavez, Esq. (6255735)
Robert Foote, Esq. (3124325)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452
Email: ecc@fmcolaw.com
bkp@fmcolaw.com
kcc@fmcolaw.com
rmf@fmcolaw.com

Hassan A. Zavareei (*Pro Hac Vice application forthcoming*)
hzavareei@tzlegal.com
Glenn E. Chappell (*Pro Hac Vice application forthcoming*)
gchappell@tzlegal.com
Allison W. Parr (*Pro Hac Vice application forthcoming* )
aparr@tzlegal.com
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, DC 20036

16

(202) 973-0900 (*telephone*)
(202) 973-0950 (*facsimile*)

COUNSEL FOR THE PLAINTIFF AND THE
PUTATIVE CLASS

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br>DeKalb ▼ COUNTY | **SUMMONS** | For Court Use Only |
|---|---|---|

| Instructions ▼ | |
|---|---|
| Enter above the county name where the case was filed. | Morgan Kukovec, et. al.<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | v. |
| Enter the names of all people you are suing as Defendants/ Respondents. | L'Oréal USA Products, Inc. d/b/a L'Oréal Paris<br>**Defendant / Respondent** *(First, middle, last name)* |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* |

**2022LA000016**

**Case Number**

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons,* or *Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

| | |
|---|---|
| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1. Defendant/Respondent's address and service information:**<br>a. Defendant/Respondent's primary address/information for service:<br>Name *(First, Middle, Last):* L'Oreal USA Products, Inc.<br>Registered Agent's name, if any: Illinois Corporation Service Company<br>Street Address, Unit #: 801 Adlai Stevenson Drive<br>City, State, ZIP: Springfield, IL 62703<br>Telephone: _____ Email: _____ |
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br>Name *(First, Middle, Last):* _____<br>Street Address, Unit #: _____<br>City, State, ZIP: _____<br>Telephone: _____ Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent:<br>☐ Sheriff  ☐ Sheriff outside Illinois: _____ *County & State*<br>☑ Special process server  ☐ Licensed private detective |

Enter the Case Number given by the Circuit Clerk:_____

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: > $ 50,000.00 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: Bret Pufahl, Esq., counsel for Plaintiff<br>Street Address, Unit #: 10 West State Street, Suite 200<br>City, State, ZIP: Geneva, IL 60134<br>Telephone: (630) 232-7450     Email: bkp@fmcolaw.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this *Summons* (Defendant):**<br>☑ **a.** To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or in.<br>Address: 133 W. State Street<br>City, State, ZIP: Sycamore, IL 60178 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ **b.** Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>　　　*Date*　　　　　　*Time*　　　　　　　　　　*Courtroom*<br>**In-person at:**<br><br>_____<br>*Courthouse Address*　　*City*　　　　*State*　　*ZIP*<br>OR |
| In **4b**, fill out:<br>•The court date and time the clerk gave you.<br>•The courtroom and address of the court building.<br>•The call-in or video information for remote appearances (if applicable).<br>•The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>　　　　　　　*Call-in number for telephone remote appearance*<br>By video conference: _____<br>　　　　　　　　*Video conference website*<br><br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>　　　　　　　　　*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>　　*Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | Witness this Date: 2/15/2022 12:53 PM<br><br>Clerk of the Court: *Lori Grubbs*　NO |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

SU-S 1503.2                              Page 2 of 4                              (06/21)

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>DeKalb ▾ COUNTY | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Morgan Kukovec, et. al.<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>L'Oréal USA Products, Inc. d/b/a L'Oréal Paris<br>**Defendant / Respondent** *(First, middle, last name)* | |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
　　　　　　　*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

　　　☐ Personally on the Defendant/Respondent:
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address, Unit#: _____
　　　City, State, ZIP: _____

　　　☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family
　　　member or lives there:
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address, Unit#: _____
　　　City, State, ZIP: _____
　　　And left it with: _____
　　　　　　　　　　　　*First, Middle, Last*
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the
　　　above address on _____ , 20 _____ .
　　　☐ On the Corporation's agent, _____
　　　　　　　　　　　　　　　　　　　*First, Middle, Last*
　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____
　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
　　　Address: _____
　　　City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| DO NOT complete this section. The sheriff or private process server will complete it. |
|---|

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
|---|

**By:**            **FEES**

_____    Service and Return: $ _____

*Signature by:*  ☐ Sheriff       Miles _____ $ _____
          ☐ Sheriff outside Illinois:    Total       $ 0.00

_____
*County and State*

☐ Special process server

☐ Licensed private detective

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

**FILED**

2/15/2022 12:53 PM
2022LA000016

*Lori Grubbs*

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

## IN THE CIRCUIT COURT OF THE TWENTY-THIRD JUDICIAL DISTRICT
## DEKALB COUNTY, ILLINOIS

| | |
|---|---|
| MORGAN KUKOVEC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | |
| *Plaintiff,* | Case No.:     2022LA000016 |
| v. | Judge: |
| L'ORÉAL USA PRODUCTS, INC. D/B/A L'ORÉAL PARIS, | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

### AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222 (b)

The undersigned, one of the attorneys for the Plaintiff herein, being first duly sworn upon

oath, states that to the best of his knowledge, information and belief formed after a reasonable

inquiry, to the extent such inquiry is possible based upon current facts and circumstances, that

the total money damages sought herein exceed Fifty Thousand Dollars ($50,000.00).

FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC

*Bret K. Pufahl*

Bret K. Pufahl, Esq., One of Plaintiffs' Attorneys

Subscribed and Sworn to before me
on February 15, 2022.

*Ana S. Sanchez*

Notary Public

"OFFICIAL SEAL"
ANA L SANCHEZ
Notary Public, State of Illinois
My Commission Expires Sept. 23, 2025

Bret K. Pufahl, Esq. (6325814)
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 W. State Street, Suite 200
Geneva, IL 60134
Tel. No.: (630) 232-7450
Fax No.: (630) 232-7452
Email: bkp@fmcolaw.com

**FILED**

2/18/2022 1:51 PM
2022LA000016

## CERTIFICATE OF SERVICE

IN THE CIRCUIT COURT OF DEKALB COUNTY, ILLINOIS          Case #: **2022LA000016**

*Lori Grubbs*

Lori Grubbs
Clerk of the Circuit Court
DeKalb County, Illinois

**Morgan Kukovec, Individually and on Behalf of all others similarly situated**

Plaintiff

vs.

**L'Oreal USA Products, Inc. d/b/a L'Oreal Paris**

Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

**Summons & Class Action Complaint; Exhibit(s)**

| | |
|---|---|
| PARTY SERVED: | **L'OREAL USA PRODUCTS, INC. D/B/A L'OREAL PARIS  C/O ILLINOIS CORPORATION SERVICE COMPANY** |
| PERSON SERVED: | **ETHAN SMITH, DOCUMENT PROCESSOR** |
| METHOD OF SERVICE: | **Corporate** - By leaving copies with the person identified above, apparently in charge at the office or usual place of business. I informed him/her of the general nature of the papers. |
| DATE & TIME OF DELIVERY: | **02/18/2022 at 12:01 PM** |
| ADDRESS, CITY AND STATE: | **801 ADLAI STEVENSON DR, SPRINGFIELD, IL 62703** |
| DESCRIPTION: | Race: **White**     Sex: **Male**     Age: **19**<br>Height: **5'7"**     Weight: **170**     Hair: **Brown**     Glasses: **No** |

Judicial Attorney Services, Inc.
2100 Manchester Rd., Ste 503-2
Wheaton, IL 60187
(630) 221-9007

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true. Executed on 2/18/2022.

Signature:

Barbara A West
Registration No: 117-001119

CLIENT: **Foote, Mielke, Chavez & O'Neil, LLC**          Job #: **486326**
FILE #:

Reviewed By: MM